## Commonwealth v. Gray

*Stanley Ott*, for the Commonwealth.
*Elliott Pincus*, for defendant.

AVRIGIAN, *J.*, June 4, 1982—On March 5, 1980, defendant, Wilbert Aaron Gray was found guilty of burglary before the Honorable Mason Avrigian. The defendant appealed from the judgment of sentence citing ineffectiveness of counsel. The Superior Court vacated the judgment and remanded the case, in order, for this court to hold an evidentiary hearing.

The focus of the evidentiary hearing is a series of cross-examination questions posed to defendant by the Commonwealth. Defendant's trial counsel failed to object to any of these questions. The Commonwealth now concedes that this line of questioning was improper.

The mere fact that counsel fails to make a meritorious objection does not demonstrate per se ineffectiveness. Furthermore, counsel will be deemed constitutionally effective, once we can conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. Commonwealth ex rel. Washington v.

Maroney 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

At the evidentiary hearing Mr. Pincus', defendant's trial counsel, answers were both credible and forthright. Mr. Pincus, stated that he knew that the questioning was objectionable, and his reasons for not objecting.

Q.  Did you have a reason for not objecting to that question at that time?

A.  Yes, I did.

Q.  Would you explain for the benefit of Judge Avrigian what that reason was?

A.  As a result of pre-trial motions and a hearing that was held before Judge Lowe it became known to me through representations that you had made, that you were prepared to put on evidence of prior convictions by having copies, certified copies of the record as well as a police officer from Philadelphia to testify on that day; and to be available to testify at trial for the purpose of impeaching testimony of the defendant.

At the time that the question was asked of Mr. Gray as to the prior conviction I felt, and I had reviewed prior convictions with Mr. Gray before trial, that his being candid and truthful in an answer to that question from you would serve him better at that time than having a record put in evidence and having a police officer testify.

Furthermore, Mr. Pincus went on to note another grave concern during this trial which came to bare on his testimony.

A.  I withheld objections and a request for a mistrial at that point because I had been experiencing some problems with regard to witnesses who were to testify at the trial.

Later, in response to questioning:

Q. Let me explore what I think you have given me as two reasons. One, you indicated about Valeria Rhodes. She did in fact testify at the trial in question; did she not?

A. Yes, she did.

Q. And did you have some concern that she might not be present at a future trial?

A. Yes, I did.

The logical reasoning on the part of Mr. Pincus shows the utmost care in protecting his client's rights. First, by allowing his client to respond was in someway hoping to establish defendant's credibility and honesty. Secondly, there were serious problems with the availability of witnesses on re-trial. The testimony and evidence presented at the April 28th hearing must lead this court to only one conclusions: Trial counsel's failure to object was the result of a reasoned strategic choice designed to effectuate his client's interest.

Therefore, upon consideration of the record, and for the aforementioned reasons this court finds that there was no ineffectiveness on the part of defendant's trial counsel. The sentence of this court is hereby reinstated.